Cruz PEDRAZA, et al., Plaintiffs,

v.

SHELL OIL COMPANY, Defendant.

Civ. A. No. 85–0421–F.

United States District Court,
D. Massachusetts.

Jan. 25, 1990.

Frank R. Saia and Edward V. Leja, Springfield, Mass., for plaintiffs.

Burt Ballanfant, Shell Oil Co., Houston, Tex., Robert Leonard and Barry Ryan, Springfield, Mass., for defendant.

MEMORANDUM AND ORDER

FREEDMAN, Chief Judge.

## I. INTRODUCTION

Before the Court is defendant Shell Oil Company's ("Shell") motion that this Court certify an interlocutory appeal to the First Circuit Court of Appeals on Shell's argument that plaintiff Cruz Pedraza's ("Pedraza") claim is barred by the statute of limitations. Pedraza has filed an opposition to Shell's motion.

Also before the Court is Shell's motion to dismiss this lawsuit for lack of jurisdiction, asserting that any state law claims of the plaintiff are preempted by explicit federal health standards. Pedraza opposes the motion to dismiss, and has asked this Court to either strike Shell's motion or defer judgment until trial. As Shell's motion to dismiss based on preemption is dispositive, the Court will turn its attention in that direction first.

## II. PREEMPTION

### A. Procedural Background

The first mention of the defendant's preemption argument was made in Shell's objections to United States Magistrate Ponsor's recommendation that Shell's earlier motion for summary judgment be denied. *Pedraza v. Shell Oil Co.*, C.A. No. 85–0421–F (D.Mass. March 15, 1989). Before the Magistrate, Shell argued that summary judgment was appropriate because the statute of limitations had run on the plaintiff, and also that Shell was entitled to use the "sophisticated user" defense under Connecticut law. In objections subsequently filed in this Court, Shell claimed that it had also argued that Pedraza's state law claims were preempted by specific Occupational Safety and Health Act ("OSHA") standards regarding exposure to epichlorohydrin ("ECH").

After carefully reviewing Shell's briefs before the Magistrate, this Court concluded that preemption had not been argued below, and held that Shell had waived the preemption argument by failing to raise it earlier. *Pedraza v. Shell Oil Co.*, 724 F.Supp. 1, 3–4 (D.Mass.1989).

■ In a separate motion filed December 15, 1989, Shell agrees that it did not raise the preemption argument before the Magistrate, and that this Court, sitting in an appellate capacity, was justified in not addressing it at the time. However, Shell disputes this Court's ruling that the preemption argument is waived, arguing instead that preemption is a question of subject matter jurisdiction, which cannot be waived. As the plaintiff himself concedes, Shell's view is accurate. *See International Longshoremen's Association, AFL–CIO v. Davis*, 476 U.S. 380, 398–399, 106 S.Ct. 1904, 1916, 90 L.Ed.2d 389 (1986) (Alabama Supreme Court erred in holding that ILA had waived preemption claim through non-compliance with state procedural rules). The Court now turns to the substance of Shell's preemption argument.

*B. OSHA Standards*

■ The gist of Shell's argument is that the Occupational Safety and Health Act, 29 U.S.C. §§ 651 *et seq.*, expressly divests this Court of jurisdiction over state law "failure to warn" claims by establishing federal standards which serve to preempt state authority. Upon review of the material submitted by Shell, the Court finds that this position is well supported.

Article I, § 8, cl. 3 of the United States Constitution states that "[t]he Congress shall have Power ... [t]o regulate commerce ... among the several states." Where Congress chooses to exercise its power to regulate commerce, conflicting state laws must give way. As the Supreme Court wrote in *Silkwood v. Kerr–McGee Corp.*, 464 U.S. 238, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984),

If Congress evidences an intent to occupy a given field, any state law falling within that field is preempted. If Congress has not entirely displaced state regulation over the matter in question, state law is still preempted to the extent that it actually conflicts with federal law, that is, when it is impossible to comply with both state and federal law ..., or where state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress.

*Id.* at 248, 104 S.Ct. at 621 (citations omitted).

In this case, it is clear that Congress did intend to occupy a significant portion of the occupational health and safety field. This intent can be derived from the words of the Act itself; 29 U.S.C. § 667(a) provides in relevant part:

**(a) Assertion of State standards in absence of applicable Federal standards.** Nothing in this chapter shall prevent any State agency or court from asserting jurisdiction under State law over any occupational safety or health issue with respect to which no standard is in effect under section 6 [29 U.S.C. § 655].

*See also* 29 C.F.R. § 1901.2 (interpreting 29 U.S.C. § 667(a) as preventing State court jurisdiction in the presence of applicable federal standards). As one court has noted, section 667(a) "has consistently been interpreted by OSHA and the courts to bar the exercise of state jurisdiction over issues addressed by the OSHA standard...." *N.J. State Chamber of Commerce v. State of N.J.*, 653 F.Supp. 1453, 1464 (D.N.J.1987).

However, as is also evident from the language of 29 U.S.C. § 667(a), Congress did not intend to wholly supplant state regulation, since allowance is made for any state law or regulation pertaining to areas for which no federal standard has been promulgated. *See, e.g., Puffer's Hardware, Inc. v. Donovan*, 742 F.2d 12, 16 (1st Cir.1984) (OSHA did not preempt Massachusetts law exempting certain elevators from state regulation in the absence of applicable OSHA standard).

Since OSHA only preempts state law to the extent that there is an applicable federal standard, the question now before the Court is whether or not the federal government had promulgated standards regarding exposure to ECH prior to the time of the plaintiff's exposure.

*C. The Federal Government Has Promulgated Epichlorohydrin Exposure Standards*

In a table promulgated on June 27, 1974, and amended on May 28, 1975, the Secre-

tary for the Department of Labor set the following exposure limits for ECH; five (5) parts per million parts of contaminated air, or nineteen (19) milligrams of particulate per cubic meter of air. *See* 29 C.F.R. § 1910.1000, Table Z–1. The Secretary has also laid out comprehensive regulations regarding personal protective equipment which should be used when handling hazardous materials. *See* 29 C.F.R. §§ 1910.-132, 1910.133, 1910.134.

The facts illustrate that Pedraza's exposure to ECH began at some time during 1977,[1] by which time the Secretary had already promulgated the federal standards regarding exposure to that chemical. As a result, this Court must now conclude that the plaintiff's Connecticut common law claims with respect to Shell's "failure to warn" are preempted by the federal action in this area. Since this Court is sitting solely in diversity as a Connecticut state court, it must now conclude that it lacks subject matter jurisdiction to hear this suit.

### III. CONCLUSION

For the reasons set forth above, the defendant Shell's motion to dismiss for lack of subject matter jurisdiction is ALLOWED. Having determined that it lacks subject matter jurisdiction to act in this matter, the Court hereby concludes that it has no authority to rule on any pending motions before it. The Clerk of Court is ordered to enter judgment for the defendant.

It is So Ordered.

---

[1] For a full explication of the facts, see this Court's prior order. *Pedraza v. Shell Oil Co.,* 724 F.Supp. 1, 5–6 (D.Mass.1989).